FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JUN 1 8 2014

JAMES N. HATTEN, Clerk
By: / Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | |
|---|---|
| GLENN M. HEAGERTY JR. | |
| 2890 WILLOW WISP WAY | |
| CUMMING, GA 30040 | CIVIL ACTION FILE NO. |
| Plaintiff | 2:14-CV- 132 |
| v. | |
| OCWEN LOAN SERVICING LLC | |
| 1661 WORTHINGTON ROAD | |
| STE 100 | |
| WEST PALM BEACH, FL 33409, | |
| | |
| OCWEN LOAN SERVICING INC | |
| 1661 WORTHINGTON ROAD | |
| STE 100 | |
| WEST PALM BEACH, FL 33409, | |

1

EQUIFAX INFORMATION SERVICES LLC

1550 PEACHTREE ST, NW

H46

ATLANTA, GA 30309-2402,

EXPERIAN INFORMATION SOLUTIONS INC

475 ANTON BLVD

COSTA MESA, CA 92626,

INNOVIS DATA SOLUTIONS INC

250 E BROAD ST

COLUMBUS, OH 43215,

and

TRANS UNION LLC

555 W ADAMS ST

CHICAGO, IL 60661-3719

    Defendants.

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action to enforce liabilities created under the Fair Credit Reporting Act(FCRA) 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. The venue of this Court is conferred by LR 3.1 B(3), NDGa.

### FACTUAL ALLEGATIONS

4. Plaintiff's domicile is in Forsyth County, Georgia.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1681a(c).

6. Defendant OCWEN LOAN SERVICING LLC(OLS) is a Delaware limited-liability company and has been registered with the Georgia Secretary of State since May 16, 2002 as a foreign entity with registered agent: CORPORATION

SERVICE COMPANY, 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA 30092.

7. Defendant OLS is a person as that term is defined by 15 U.S.C. §1681a(b).

8. Defendant OLS is a furnisher of information within the meaning of 15 U.S.C. §1681s-2.

9. Defendant OCWEN LOAN SERVICING INC(OLI) is an unknown entity with the same address as OLS.

10. Defendant OLI is a person as that term is defined by 15 U.S.C. §1681a(b).

11. Defendant EQUIFAX INFORMATION SERVICES LLC(EFX) is a Georgia limited-liability company and has been registered with the Georgia Secretary of State since June 4, 2001 as a domestic entity with registered agent: DEAN C. ARVIDSON, 1550 PEACHTREE ST NW, ATLANTA, GA 30309.

12. EFX is a consumer reporting agency as that term is defined at 15 U.S.C. §1681a(f).

13. Defendant EXPERIAN INFORMATION SOLUTIONS INC(EXP) is

4

incorporated under the laws of Ohio and has been registered with the Georgia Secretary of State since October 11, 1996 as a foreign, for-profit corporation with designated agent: C T CORPORATION SYSTEM, 1201 PEACHTREE STREET, NE, ATLANTA, GA 30361.

14. EXP is a consumer reporting agency as that term is defined at 15 U.S.C. §1681a(f).

15. Defendant INNOVIS DATA SOLUTIONS INC(INN) is incorporated under the laws of Missouri and has been registered with the Georgia Secretary of State since December 1, 1995 as a foreign, for-profit corporation with designated agent: CORPORATION SERVICE COMPANY, 40 TECHNOLOGY PARKWAY SOUTH, SUITE 300, NORCROSS, GA 30092.

16. INN is a consumer reporting agency as that term is defined at 15 U.S.C. §1681a(f).

17. Defendant TRANS UNION LLC(TU) is a Delaware limited-liability company and has been registered with the Georgia Secretary of State since January 4, 1999 as a foreign entity with registered agent: PRENTISS-HALL CORPORATION SYST, 40 TECHNOLOGY PARKWAY SOUTH, #300, NORCROSS, GA 30092.

5

18. TU is a consumer reporting agency as that term is defined at 15 U.S.C. §1681a(f).

19. Plaintiff has never provided written instructions to EFX, EXP, INN, or TU to furnish information on Plaintiff to OLS or OLI.

20. Plaintiff has never had an account, as that term is defined by 15 U.S.C. §1681a(r)(4), with OLS or OLI.

21. Plaintiff has never applied for credit, as that term is defined by 15 U.S.C. §1681a(r)(5), with OLS or OLI.

22. Plaintiff has never applied for a job with OLS or OLI.

23. Plaintiff has never initiated a business transaction with OLS or OLI.

24. Plaintiff has been excluded from lists, within the meaning of 15 U.S.C. §1681b(e), since March 2010.

25. Plaintiff has never provided his Social Security Number to OLS or OLI.

26. Neither OLS nor OLI have ever been a creditor, as that term is defined by 15 U.S.C. §1681a(r)(5), of Plaintiff.

27. OLS has been furnishing information on Plaintiff to EFX, EXP, INN, and TU on a monthly basis as early as June 2012.

28. EFX has been reporting that Plaintiff has a credit account with OLS since July 2012.

29. EFX has prepared 29 consumer reports on Plaintiff from July 2012 through January 18, 2014.

30. EXP has been reporting that Plaintiff has an account with OLS and OLS is a creditor of Plaintiff since June 2012.

31. EXP has prepared 38 consumer reports on Plaintiff from July 2012 through April 28, 2014.

32. INN has been reporting that Plaintiff has an account with OLS and OLS is a creditor of Plaintiff since June 2012.

33. TU has been reporting that Plaintiff has an account with OLS and OLS is a creditor of Plaintiff since June 2012.

34. TU has prepared 12 consumer reports on Plaintiff from June 2012 through May 7, 2014.

35. On June 25, 2012 OLI requested a consumer report, as that term is defined by 15 U.S.C. §1681a(d)(1), on Plaintiff from EXP. EXP furnished a consumer report on Plaintiff to OLI on June 25, 2012. The furnished

consumer report was obtained and used by OLI and OLS.

36. On February 1, 2013 OLI requested a consumer report, as that term is defined by 15 U.S.C. §1681a(d)(1), on Plaintiff from EXP. EXP furnished a consumer report on Plaintiff to OLI on February 1, 2013. The furnished consumer report was obtained and used by OLI and OLS.

37. On January 28, 2014 OLI requested a consumer report, as that term is defined by 15 U.S.C. §1681a(d)(1), on Plaintiff from EXP. EXP furnished a consumer report on Plaintiff to OLI on Janaury 28, 2014. The furnished consumer report was obtained and used by OLI and OLS.

38. In three letters dated February 2, 2014, March 10, 2014, and April 9, 2014, respectively, Plaintiff disputed with EFX information in Plaintiff's consumer file furnished by OLS.

39. In two letters dated February 24, 2014, and April 2, 2014, respectively, Plaintiff disputed with EXP information in Plaintiff's consumer file furnished by OLS.

40. In three letters dated February 2, 2014, February 24, 2014, and April 1, 2014, respectively, Plaintiff disputed with INN information in Plaintiff's

consumer file furnished by OLS.

41. In three letters dated February 2, 2014, March 7, 2014, and April 11, 2014, respectively, Plaintiff disputed with TU information in Plaintiff's consumer file furnished by OLS.

42. In four letters dated January 29, 2014, February 4, 2014, March 24, 2014, and March 31, 2014, respectively, Plaintiff disputed with OLS the information OLS was furnishing on Plaintiff to EFX, EXP, INN, and TU.

43. In a letter dated April 16, 2014, Plaintiff requested a full file disclosure within the meaning of 15 U.S.C. §1681g(a)(1) from EFX.

44. In a letter dated April 16, 2014, Plaintiff requested a full file disclosure within the meaning of 15 U.S.C. §1681g(a)(1) from EXP.

45. In a letter dated April 16, 2014, Plaintiff requested a full file disclosure within the meaning of 15 U.S.C. §1681g(a)(1) from INN.

46. In a letter dated April 16, 2014, Plaintiff requested a full file disclosure within the meaning of 15 U.S.C. §1681g(a)(1) from TU.

## COUNT I

47. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

48. On June 25, 2012, February 1, 2013, and January 28, 2014 OLS and OLI willfully violated 15 U.S.C. §1681b(f) by obtaining and using consumer reports on Plaintiff without a properly certified permissible purpose.

## COUNT II

49. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

50. On June 25, 2012, February 1, 2013, and January 28, 2014 EXP willfully violated 15 U.S.C. §1681b(a) by providing consumer reports on Plaintiff for purposes other than those explicitly permitted by law when it did not have a reason to believe otherwise.

## COUNT III

51. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

52. On June 25, 2012, February 1, 2013, and January 28, 2014 EXP willfully violated 15 U.S.C. §1681e(a) by failing to maintain reasonable procedures to limit the furnishing of consumer reports on Plaintiff to those purposes permitted by law.

## COUNT IV

53. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

54. EFX has willfully violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT V

55. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

56. EXP has willfully violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT VI

57. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

58. INN has willfully violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT VII

59. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

60. TU has willfully violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT VIII

61. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

62. Since July 2012, EFX has willfully violated 15 U.S.C. §1681e(b) by

failing to follow reasonable procedures to ensure maximum possible accuracy of information in the consumer reports it prepared on Plaintiff that listed a credit account with OLS.

## COUNT IX

63. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

64. Since July 2012, EXP has willfully violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of information in consumer reports it prepared of Plaintiff that listed OLS as a creditor and that Plaintiff had an account with OLS.

## COUNT X

65. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

66. Since June 2012, TU has willfully violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of information in consumer reports it prepared of Plaintiff that listed OLS as a creditor and that Plaintiff had an account with OLS.

## COUNT XI

67. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

68. EFX has willfully violated 15 U.S.C. §1681i(a)(1)(A) on three occasions by failing to follow reasonable procedures to determine the accuracy and completeness of the information furnished by OLS and disputed by Plaintiff.

69. EFX has willfully violated 15 U.S.C. §1681i(a)(4) on three occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## COUNT XII

70. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

71. EXP has willfully violated 15 U.S.C. §1681i(a)(1)(A) on two occasions by failing to follow reasonable procedures to determine the accuracy and completeness of the information furnished by OLS and disputed by Plaintiff.

72. EXP has willfully violated 15 U.S.C. §1681i(a)(4) on two occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## COUNT XIII

73. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

74. INN has willfully violated 15 U.S.C. §1681i(a)(1)(A) on three occasions

by failing to follow reasonable procedures to determine the accuracy and completeness of the information furnished by OLS and disputed by Plaintiff.

75. INN has willfully violated 15 U.S.C. §1681i(a)(4) on three occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## COUNT XIV

76. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

77. TU has willfully violated 15 U.S.C. §1681i(a)(1)(A) on three occasions by failing to follow reasonable procedures to determine the accuracy and completeness of the information furnished by OLS and disputed by Plaintiff.

78. TU has willfully violated 15 U.S.C. §1681i(a)(4) on three occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## COUNT XV

79. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

80. On June 25, 2012, February 1, 2013, and January 28, 2014 OLS and OLI negligently violated 15 U.S.C. §1681b(f) by obtaining and using consumer

reports on Plaintiff without a properly certified permissible purpose.

## COUNT XVI

81. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

82. On June 25, 2012, February 1, 2013, and January 28, 2014 EXP negligently violated 15 U.S.C. §1681b(a) by providing consumer reports on Plaintiff for purposes other than those explicitly permitted by law when it did not have a reason to believe otherwise.

## COUNT XVII

83. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

84. On June 25, 2012, February 1, 2013, and January 28, 2014 EXP negligently violated 15 U.S.C. §1681e(a) by failing to maintain reasonable procedures to limit the furnishing of consumer reports on Plaintiff to those purposes permitted by law.

## COUNT XVIII

85. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

86. EFX has negligently violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT XIX

87. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

88. EXP has negligently violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT XX

89. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

90. INN has negligently violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT XXI

91. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

92. TU has negligently violated 15 U.S.C. §1681g(a) by failing to disclose all information in the Plaintiff's file to Plaintiff.

## COUNT XXII

93. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

94. Since July 2012, EFX has negligently violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of information in the consumer reports it prepared on Plaintiff that listed a

credit account with OLS.

## COUNT XXIII

95. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

96. Since July 2012, EXP has negligently violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of information in consumer reports it prepared of Plaintiff that listed OLS as a creditor and that Plaintiff had an account with OLS.

## COUNT XXIV

97. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

98. Since June 2012, TU has negligently violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of information in consumer reports it prepared of Plaintiff that listed OLS as a creditor and that Plaintiff had an account with OLS.

## COUNT XXV

99. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

100. EFX has negligently violated 15 U.S.C. §1681i(a)(1)(A) on three occasions by failing to follow reasonable procedures to determine the accuracy

and completeness of the information furnished by OLS and disputed by Plaintiff.

101. EFX has negligently violated 15 U.S.C. §1681i(a)(4) on three occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## COUNT XXVI

102. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

103. EXP has negligently violated 15 U.S.C. §1681i(a)(1)(A) on two occasions by failing to follow reasonable procedures to determine the accuracy and completeness of the information furnished by OLS and disputed by Plaintiff.

104. EXP has negligently violated 15 U.S.C. §1681i(a)(4) on two occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## COUNT XXVII

105. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

106. INN has negligently violated 15 U.S.C. §1681i(a)(1)(A) on three occasions by failing to follow reasonable procedures to determine the accuracy

and completeness of the information furnished by OLS and disputed by Plaintiff.

107. INN has negligently violated 15 U.S.C. §1681i(a)(4) on three occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## COUNT XXVIII

108. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

109. TU has negligently violated 15 U.S.C. §1681i(a)(1)(A) on three occasions by failing to follow reasonable procedures to determine the accuracy and completeness of the information furnished by OLS and disputed by Plaintiff.

110. TU has negligently violated 15 U.S.C. §1681i(a)(4) on three occasions by failing to consider the information provided by Plaintiff regarding the disputed information furnished by OLS.

## PRAYER FOR RELIEF

111. WHEREFORE, Plaintiff demands judgment for actual or statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §1681n for those violations found to be willful and Plaintiff demands

judgment for actual damages, attorney's fees, and costs pursuant to 15 U.S.C. §1681o for those violations found to be negligent.

## DEMAND FOR JURY TRIAL

112.   Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 18th day of June 2014,

Glenn M. Heagerty Jr.
2890 Willow Wisp Way
Cumming, GA 30040

(770) 406-3387
gmhinga2470@att.net