IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GLENN M. HEAGERTY, JR., : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | 2:14-CV-132-WCO-JCF |
| : | |
| OCWEN LOAN SERVICING, LLC, et al., : | |
| : | |
| Defendants. : | |

## NOTICE TO *PRO SE* PLAINTIFF

Plaintiff proceeding *pro se* (without an attorney) before the undersigned Magistrate Judge is **ADVISED** that he must comply with the Federal Rules of Civil Procedure ("FED. R. CIV. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR NDGa."). Plaintiff is encouraged to familiarize himself with the rules, as well as the laws applicable to the case. To that end, the Court advises that *pro se* plaintiff may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, and he may also utilize the law library located on the 23rd floor at the same address. These materials are also available at the Court's website at www.gand.uscourts.gov.

AO 72A
(Rev.8/82)

He may also obtain basic materials and hand-outs from the Office of the Clerk of Court located on the 2nd floor of the United States Courthouse, 121 Spring Street, S.E., Gainesville, Georgia.

Among other requirements under the rules, counsel and parties representing themselves are prohibited from engaging in *ex parte* communications with the Court or the Court's staff. "*Ex parte* communications" mean any form of contact with the Court including, but not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel outside the presence of the opposing party or opposing party's counsel. If counsel or a *pro se* litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office and serve the opposing party or party's counsel. *See* FED. R. CIV. P. 5; LR 5.1 and 5.2, NDGa.; *see also* LR 7.4, NDGa. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter. A letter seeking such action ordinarily will not be treated as a motion. Counsel [and *pro se* litigants] shall not provide the court with copies of correspondence among themselves relating to matters in dispute.").

AO 72A
(Rev.8/82)

A *pro se* plaintiff is **REQUIRED** to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint and is further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s),[1] by mail or by hand delivery under FED. R. CIV. P. 5, a copy of every additional pleading or other paper described in FED. R. CIV. P. 5.

Each pleading or paper described in FED. R. CIV. P. 5, including pleadings, papers related to discovery required to be served, motions, notices and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel.  This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service.

Plaintiff is also **ADVISED** that, under LR 7, NDGa., "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed.  *See* LR 7.1B, NDGa.  Furthermore, under LR 56.1, NDGa., the failure by a respondent to a motion

---

[1] Once counsel for a defendant has appeared in the case, it is not necessary to serve the defendant individually; service on counsel is sufficient.

AO 72A
(Rev.8/82)

3

for summary judgment to controvert the movant's statement of material facts will be taken as an admission of those facts not controverted in respondent's statement.

Plaintiff is further **REQUIRED** to keep the Court advised of his current address at all times during the pendency of the lawsuit. LR 83.1D.(3), NDGa. provides:

> Parties appearing *pro se* shall notify the clerk's office by letter, of any change in mailing address and/or telephone number. A failure to keep the clerk's office so informed which causes a delay or otherwise adversely affects the management of a civil case shall constitute grounds for dismissal without prejudice or entry of a judgment by default.

This 20th day of June, 2014.

    /s/  *J. CLAY FULLER*
    J. CLAY FULLER
    United States Magistrate Judge