IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

GLENN M. HEAGERTY JR.,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC, et al.,

    Defendants.

Civil Action No.
2:14-CV-132-WCO-JCF

## PLAINTIFF'S RESPONSE TO DEFENDANT OCWEN LOAN SERVICING LLC'S MOTION TO DISMISS COMPLAINT

COMES NOW the Plaintiff, GLENN M. HEAGERTY JR., who hereby submits his Response to Defendant OCWEN LOAN SERVICING LLC's(hereinafter referred to as "Ocwen") Motion to Dismiss(the "Motion") for failure to state a claim on which relief can be granted and its Brief in Support(the "Brief"). Plaintiff states his opposition to the Motion as follows:

### I. STATEMENT OF FACTS

1. The Complaint, in part, specifies that Defendant Ocwen obtained from Defendant EXPERIAN INFORMATION SOLUTIONS INC(hereinafter referred to as "Experian") credit histories of Plaintiff on June 25, 2012, February 1, 2013, and January 28, 2014(the dates hereinafter are collectively referred to as "Dates of

1

Inquiry"). At no time did Plaintiff authorize Defendant Ocwen to obtain credit histories of Plaintiff. Defendant Ocwen violated the prohibition on certain use or obtaining of information, 15 U.S.C. §1681b(f), by obtaining or using credit histories of Plaintiff that were obtained for purposes other than those authorized. The Complaint alleges the violations to be willful or, in the alternative, negligent on the part of Defendant Ocwen.

## II. INTRODUCTION

2. Under the federal Fair Credit Reporting Act(the "FCRA"), 15 U.S.C. §1681 et seq., access to the information on Plaintiff contained in the files of a consumer reporting agency is limited. The FCRA specifies those with a valid need for access to the information and prohibits a consumer reporting agency from providing the information to those without a valid need. Furthermore, persons violating the FCRA by obtaining consumer reports for purposes other than those authorized may be sued to recover damages.

3. The permissible purposes for which a consumer reporting agency may provide a consumer report of Plaintiff are listed in 15 U.S.C. §1681b, the section of the FCRA titled "Permissible purposes of consumer reports". In constructing the Complaint, Plaintiff considered each authorized use listed and determined to the best of his knowledge and belief that Defendant Ocwen obtained credit histories of

2

Plaintiff on or about the Dates of Inquiry for purposes other than those authorized.

4. Through the discovery process, Plaintiff expects to identify additional evidence that will enable a jury to find Defendant Ocwen to be willful or negligent on each occasion that it violated 15 U.S.C. §1681b(f).

### III. STANDARD OF REVIEW

5. Plaintiff respectfully requests the Court to take notice of the well-pleaded allegations of the *pro se* Plaintiff in the Complaint, which the Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleading drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2D 652(1972).

6. Federal Rules of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

7. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbal, 129 W.Ct. 1937, 1950 (2009).

8. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

9. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Sir. 1996): Jones v. General Elec. Co.,87 F.3d 209, 211 (7thCir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual

4

allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

10. Plaintiff's Complaint as it relates to Defendant Ocwen contains eight factual allegations, paragraphs 19-26, that Plaintiff is certain are true based on his own personal knowledge and belief. These eight factual allegations, certain to be true, eliminate most of the authorized purposes for which Defendant Ocwen could have properly certified in order to have obtained credit histories of Plaintiff on or about the Dates of Inquiry. Since filing the Complaint on June 18, 2014, Plaintiff has identified four more factual allegations that can be added to the complaint to eliminate four more authorized purposes for which Defendant Ocwen could have properly certified to have obtained credit histories of Plaintiff on or about the Dates of Inquiry. Plaintiff is certain through discovery and in conjunction with the aforementioned factual allegations that Defendant Ocwen had no authorized purpose to have obtained credit histories on Plaintiff on or about the Dates of Inquiry. If Defendant Ocwen did obtain credit histories on Plaintiff on or about the Dates of Inquiry and had an authorized purpose that it properly certified to Defendant Experian on each occasion, why does it not present those in its Brief and save the Court's resources, as well as that of all the other parties to the Complaint?

5

11. Counts I and XV of the Complaint, paragraphs 47, 48, 79, and 80 are constructed in accordance with the Fed. R. Civ. P. 8(a)(2). Each paragraph is brief, concise, and the claim is clearly stated, although perhaps in a way that is not up to the standard of an attorney or other legal professional. Defendant Ocwen obtained the credit histories of Plaintiff on three occasions without having an authorized purpose in each instance(again, to date, Defendant Ocwen has not provided any evidence to the contrary). Thus, any corresponding certification submitted to Defendant Experian is improper. Of course, Plaintiff cannot attest to the mental state of a limited liability company, however, through discovery, Plaintiff will seek the certifications provided to Defendant Experian by Defendant Ocwen which will identify the individuals that did make the false promises that the credit histories of Plaintiff were obtained for an authorized purpose and for no other.

## IV. CONCLUSION

12. Plaintiff has pleaded facts sufficient to allow a court, drawing on judicial experience and common sense, that Plaintiff has stated a claim on which relief can be granted. Plaintiff's claims should therefore survive dismissal.

13. WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendant Ocwen's Motion to Dismiss for failure to state a claim on which relief can be granted. In the alternative, if the Court determines Plaintiff has

failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

Respectfully submitted this 2nd day of September, 2014,

Glenn M. Heagerty Jr.

2890 Willow Wisp Way

Cumming, GA 30040


(770) 406-3387

gmhinga2470@att.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this 2nd day of September, 2014 to:

Amy L. Hanna, Baker Donelson, Bearman, Caldwell & Berkowitz

3414 Peachtree Rd. NE, Suite 1600

Atlanta, GA 30326

J. Anthony Love, King & Spalding, LLP

1180 Peachtree St. NE

Atlanta, GA 30309

| Mary Ellen Robinson, Jones Day | Alex M. Barfield, Hawkins Parnell Thackston & Young, LLP |
|---|---|
| 1420 Peachtree St NE, Suite 800 | 4000 SunTrust Plaza |
| Atlanta, GA 30309 | 303 Peachtree Street, NE |
|  | Atlanta, GA, 30308 |

Glenn M. Heagerty, Jr.

2890 Willow Wisp Way

Cumming, GA 30040

(770) 406-3387

gmhinga2470@att.net