IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GLENN M. HEAGERTY JR.,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, OCWEN LOAN SERVICING, INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., INNOVIS DATA SOLUTIONS, INC., TRANS UNION, LLC,<br><br>    Defendants. | Civil Action File No. 2:14-cv-132 |

**OCWEN'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff is ignoring the elephant in the room: **Ocwen currently services the outstanding mortgage loan on his home and was entitled to pull his consumer report**. Rather than address this fact or its detrimental impact on his lawsuit, Plaintiff chooses instead to emphasize that he is "certain" that Ocwen did not have an authorized purpose to obtain consumer reports – despite the fact that he is one of Ocwen's customers. Plaintiff's attempts to maneuver around pertinent facts

1

should not be countenanced by this Court, and Ocwen's Motion to Dismiss should be granted.

**I.      Ocwen's Motion to Dismiss Should Be Granted Because Plaintiff Fails to State a Claim Against Ocwen as a Matter of Law.**

Plaintiff's attempt to avoid disclosure of his relationship with Ocwen is far from inconsequential.  By hiding the fact that Plaintiff is one of Ocwen's customers, Plaintiff is attempting to manufacture a claim that Ocwen acquired consumer reports without a permissible purpose under the FCRA.  Once Plaintiff's relationship with Ocwen is explained, however, it becomes abundantly clear that his FCRA claims are meritless.  Mortgage servicers who obtain consumer reports in connection with the collection of the outstanding loan balances have been deemed to have a permissible purpose to do so pursuant to 15 U.S.C. § 1681b(a)(3)(A).  *Arriaga v. Wells Fargo Bank, N.A.*, No. 09-CV-2115, 2013 WL 1303831 at *3 (N.D. Ill. March 27, 2013).  Accordingly, Plaintiff's disingenuous attempt to portray himself and Ocwen as strangers is the **only** form of support for his allegations and is far from enough to survive Ocwen's Motion to Dismiss.

**II.    Ocwen's Motion to Dismiss Should Be Granted Because Plaintiff Did Not Oppose the Motion in Any Meaningful Way.**

**A.    Plaintiff did not respond to any of the substantive arguments in Ocwen's Motion.**

Plaintiff's Opposition does not address any of the arguments presented in Ocwen's Motion to Dismiss, and, therefore, he has indicated to the Court that he does not oppose it. *See* LR 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). Instead, Plaintiff is continuing his practice of attempting to manufacture a claim by making broad and unsupported statements that the credit inquiries were done without an authorized purpose. As a result, this Court should grant Ocwen's Motion.

In its Motion, Ocwen focuses on the Complaint's complete dearth of factual background regarding Plaintiff's allegations against Ocwen. Specifically, Ocwen argues that Plaintiff failed to plead any facts supporting his allegations that Ocwen acted with a specific culpable state or that Ocwen acted without a permissible purpose when it obtained the consumer reports. (*See generally* Mot. [DE14].) In response, Plaintiff utterly fails to address his relationship with Ocwen or explain why Ocwen his loan servicer would have acted without a permissible purpose. Instead, the Opposition regurgitates the allegations in the Complaint and reiterates that the Plaintiff is "certain" that Ocwen did not have the requisite authority. (*See*

Opp'n [DE21] at 5.)  By containing nothing more than the same regurgitated allegations against Ocwen, the Opposition essentially concedes that the Complaint is facially insufficient.  Accordingly, this Court should grant Ocwen's Motion to Dismiss.

### B. Plaintiff did not respond to Ocwen's Motion by amending the Complaint.

Pursuant to Fed. R. Civ. P. 15(A)(1)(b), Plaintiff had 21 days after the filing of Ocwen's Motion to amend his Complaint as a matter of right.  In other words, after reviewing Ocwen's Motion, Plaintiff had until Wednesday, September 10 to re-plead and supply this Court (and Ocwen) with the additional factual development needed to survive a motion to dismiss.  Plaintiff did not do so, thus bringing about the obvious conclusion that he **cannot** provide enough factual development to meet his burden under Rule 8(a).  Again, Plaintiff's failure to respond to Ocwen's Motion indicates to the Court that he does not oppose it, and it should be granted.

## CONCLUSION

Nothing in Plaintiff's Opposition provides any meaningful support for denying Ocwen's Motion to Dismiss.  Consequently, Ocwen requests that this Court grant its Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted this 19th day of September, 2014.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** <br> Suite 1600, Monarch Plaza <br> 3414 Peachtree Rd. NE <br> Atlanta, Georgia 30326 <br> Ph. (404) 577-6000 <br> Facsimile: (404) 221-6501 <br> Email: jegreen@bakerdonelson.com <br> Email: ahanna@bakerdonelson.com | **/s/ Amy L. Hanna** <br> Jonathan E. Green <br> Georgia Bar No. 307053 <br> Amy L. Hanna <br> Georgia Bar No. 509069 <br> *Attorneys for Ocwen Loan Servicing, LLC* |

## CERTIFICATION OF FONT

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1(B), NDGa.

This 19th day of September, 2014.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN,** **CALDWELL & BERKOWITZ, PC** Suite 1600, Monarch Plaza 3414 Peachtree Rd. NE Atlanta, Georgia 30326 Ph. (404) 577-6000 Facsimile: (404) 221-6501 Email: jegreen@bakerdonelson.com Email: ahanna@bakerdonelson.com | **/s/ Amy L. Hanna** Jonathan E. Green Georgia Bar No. 307053 Amy L. Hanna Georgia Bar No. 509069 *Attorneys for Ocwen Loan Servicing, LLC* |

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing **OCWEN LOAN SERVICING, LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** by U.S. Mail upon the following:

Glenn M. Heagerty, pro se
2980 Willow Wisp Way
Cumming, GA 30040

and will certify electronic service of the foregoing using the CM/ECF system, which sent a notification of electronic filing to the following:

Mary Ellen Robinson
JONES DAY
1420 Peachtree St. NE
Suite 800
Atlanta, GA 30309

Barry Goheen
John Anthony Love
Brian James Olson
KING & SPALDING, LLP
1180 Peachtree St. NE
40th Floor
Atlanta, GA 30309

Alex Michael Barfield
HAWKINS PARNELL THACKSTON & YOUNG, LLP
303 Peachtree St. NE
4000 SunTrust Plaza
Atlanta, GA 30308

This 19th day of September, 2014.

| | |
|---|---|
| **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** <br> Suite 1600, Monarch Plaza <br> 3414 Peachtree Rd. NE <br> Atlanta, Georgia 30326 <br> Ph. (404) 577-6000 <br> Facsimile: (404) 221-6501 <br> Email: jegreen@bakerdonelson.com <br> Email: ahanna@bakerdonelson.com | **/s/ Amy L. Hanna** <br> Jonathan E. Green <br> Georgia Bar No. 307053 <br> Amy L. Hanna <br> Georgia Bar No. 509069 <br> *Attorneys for Ocwen Loan Servicing, LLC* |