IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| GLENN M. HEAGERTY, JR., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 2:14-CV-132-WCO-JCF |
| : | |
| OCWEN LOAN SERVICING, LLC, : | |
| et al., : | |
| : | |
| Defendants. : | |

**<u>ORDER</u>**

The captioned case is before the court for consideration of plaintiff's motion for extension of time to file a notice of appeal [71].  Plaintiff seeks an extension of time in which to file his notice of appeal from this court's order dated June 11, 2015 (the "Order"), dismissing plaintiff's claims against Ocwen Loan Servicing, LLC ("Ocwen").  Plaintiff's motion was filed on July 14, 2015.

Federal appeals courts have jurisdiction over final decisions of the district courts.  28 U.S.C. § 1291.  "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Catlin v. United States*, 324 U.S. 229, 233 (1945).  "[A]n order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities

of fewer than all the parties, is not a final judgment from which an appeal may be taken," unless "the district court properly certifies as 'final' under Rule 54(b), a judgment on fewer than all claims or parties." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir.2007).  "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).

Here, plaintiff seeks to appeal from the Order which dismisses one of the defendants in this case.  The Order was not a final decision because the litigation is still ongoing in this case.  *See Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012) (holding that the Eleventh Circuit lacked jurisdiction of an appeal by one of the defendants because the district court "did not resolve the rights and liabilities of the other three defendants" in the case).  In the absence of certification as a final judgment under Fed.R.Civ.P. 54(b), the Order, which disposes of fewer than all parties, is not a final, appealable order.  Plaintiff is not seeking a Rule 54(b) certification.  Consequently, plaintiff's attempted appeal is premature, and an extension is not necessary at this time.

Accordingly, the court hereby **DENIES** plaintiff's motion for extension of time to file a notice of appeal [71].

**IT IS SO ORDERED**, this 26th day of August, 2015.

                                             s/*William C. O'Kelley*
                                             WILLIAM C. O'KELLEY
                                             Senior United States District Judge